IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-381-BO
NO. 5:15-CV-534-BO

| | | |
|---|---|---|
| MARKUS MAURICE HARRIS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, petitioner has responded, and the matter is ripe for ruling. For the reasons discussed below, petitioner's motion is denied [DE 45], and the government's motion [DE 51] is granted.

## BACKGROUND

Petitioner pled guilty, without benefit of a plea agreement, to a single charge of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922g(1) and 924. [DE 1, 25]. On July 19, 2013, the Court sentenced petitioner to 115 months' imprisonment and three years of supervised release. [DE 33, 34].

On July 26, 2013, petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit. [DE 36]. On appeal, petitioner argued that the Court erroneously applied the United States Sentencing Guidelines (USSG) enhancement § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense. On March 12, 2014, the court of appeals affirmed this Court's judgment that the record was adequate to support the enhancement. [DE 42]. Petitioner petitioned for certiorari and was denied.

Petitioner filed the instant motion under 28 U.S.C. § 2255 on October 6, 2015.

DISCUSSION

The government moves to dismiss the motion for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

First, petitioner claims the Court imposed a procedurally unreasonable sentence by imposing the aforementioned guidelines enhancement for possession of a firearm in connection with another felony offense. Without an intervening change in the law, a petitioner cannot re-litigate on collateral review issues that were decided and rejected on direct appeal. *See United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)); *Herman v. United States*, 1955 U.S. App. LEXIS 3201, *1 (4th Cir. Nov. 9, 1955) (per curiam). Here, as this claim was the basis of petitioner's direct appeal to the Fourth Circuit, and the Fourth Circuit found against petitioner and affirmed the Court's sentence, this claim must fail on collateral review. [DE 42]. Moreover, the Court notes that, even

2

if re-litigation of this issue were presently permissible, petitioner would still not be afforded the relief he seeks, as challenges to advisory guideline ranges are generally not cognizable on collateral review. *See United States v. Foote*, 784 F.3d 931, 943 (4th Cir. 2015); *see also United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances, [] an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding"). For these reasons, petitioner's first claim for relief fails.

Petitioner's second and third claims for relief are related. In these claims, petitioner claims that his sentence violates the Fifth and Sixth Amendments of the United States Constitution because of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which, petitioner states, applies retroactively on collateral review. However, these claims afford petitioner no relief, as the *Alleyne* decision does not affect petitioner's case. *Alleyne* followed a related Supreme Court decision, *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* concluded that "any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury." *Alleyne*, 133 S. Ct. at 2157 (quoting *Apprendi*, 530 U.S. at 483, n.10, 490). *Alleyne*, then, extended *Apprendi* to facts that increase a mandatory minimum sentence for specific offenses. *Alleyne*, 133 S. Ct. at 2160. The sentencing enhancements about which petitioner complains do not relate to the mandatory minimum or maximum sentences for his conviction; instead, they only relate to the calculation of his guideline range.

The Supreme Court expressly carved out application of its opinions in *Apprendi* and *Alleyne* to facts that influence judicial discretion in sentencing. *Apprendi*, 530 U.S. at 481; *Alleyne*, 133 S. Ct. at 2163. Judges can perform judicial factfinding and use those facts to inform the Court and influence judicial discretion in sentencing as long as the punishment imposed is

3

*within the range prescribed by statute. Alleyne*, 133 S. Ct. at 2163 (emphasis added). Here, petitioner's imposed sentence was within the statutory range of zero to ten years' imprisonment. 18 U.S.C. §924(a)(2). Petitioner has not shown that a statutory minimum was raised by the application of the sentencing enhancements. Accordingly, petitioner is not entitled to relief under *Alleyne*, and his second and third claims for relief fail as a result.

Finally, petitioner claims his counsel was ineffective for failing to raise the above claims. To prevail on an ineffective assistance claim, petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90).

As to petitioner's ineffective assistance claim regarding his first claim for relief, counsel *did* raise this argument both at sentencing and on appeal. [DE 40; 42]. Petitioner did not prevail in either instance. As to petitioner's second and third claims for relief, as discussed above, these claims are meritless because the *Alleyne* decision does not apply to petitioner's case. The Court does not find that counsel was ineffective for failing to argue case law that plainly did not affect petitioner's case. Accordingly, petitioner's fourth claim for relief also fails.

For the reasons discussed above, each of petitioner's claims for relief must fail. Accordingly, the government's motion to dismiss petitioner's § 2255 motion is granted.

4

Case 5:12-cr-00381-BO   Document 55   Filed 08/22/16   Page 4 of 5

Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Here, as reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

CONCLUSION

For all of the above reasons, the government's motion to dismiss [DE 51] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 45] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 18 day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE